IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRANCE CURTIS TRIPLETT,

    Defendant.

Criminal No. 10-0030
**ELECTRONICALLY FILED**

**ORDER OF COURT DENYING DEFENDANT'S
MOTION TO SUPPRESS STATEMENT (DOC. NO. 23)**

**Introduction**

Defendant is charged with possession with the intent to distribute oxycodone and less than 500 grams of mixture containing a detectable amount of cocaine (both Schedule II controlled substances), in violation of 18 U.S.C. § 841(a)(1) and (b)(1), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count One of the Indictment charges that "[o]n or about January 14, 2010, in the Western District of Pennsylvania, the defendant, Terrance Curtis Triplett, did knowingly, intentionally and unlawfully possess with intent to distribute an amount of oxycodone, a Schedule II controlled substance." Indictment (doc. no. 14). Count Two of the Indictment charges that "[o]n or about January 14, 2010, in the Western District of Pennsylvania, the defendant, Terrance Curtis Triplett, did knowingly, intentionally and unlawfully possess with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance." Count Three of the Indictment

charges, "[o]n or about January 14, 2010, in the Western District of Pennsylvania, the defendant, Terrance Curtis Triplett, after having been convicted on or about February 1, 1999 of [one offense in the Court of Common Pleas of Allegheny County] and on or about June 5, 2000 of [one offense in the Court of Common Pleas of Allegheny County] and on or about February 24, 2003 of [one offense in the Court of Common Pleas of Allegheny County] and on or about March 5, 2004 [one offense in the Court of Common Pleas of Washington County] which are all crimes punishable by a term exceeding one year, did knowingly possess in and affecting interstate commerce, a Cobra pistol, Model CA-380, .380 ACP caliber, a Harrington and Richardson (H&R) revolver, Model 926, .38 SW caliber, a Kimar pistol, Model 911, 8mm caliber, a Hi Point pistol, Model CF-380, .380 caliber, and a Dan Wesson revolver, .357 caliber." Indictment (Doc. No. 14). Count Four of the Indictment charges, "[o]n or about January 14, 2010, in the Western District of Pennsylvania, the defendant, Terrance Curtis Triplett, knowingly did possess a firearm, that is, a Cobra pistol, Model CA-380, .380 ACP caliber, . . . during and relation to a drug trafficking crime . . .". Indictment (Doc. No. 14).

Before the Court is defendant's motion to suppress all evidence seized on January 13, 2010, pursuant to a search warrant issued to the Pennsylvania State Police. Defendant's motion indicates that all items found at defendant's residence as well as those found in one of his three vehicles[1] should be suppressed due to the insufficiency of the search warrant the affidavit of probable cause. After careful consideration of the motion to suppress and the government's response, the Court finds that all evidence removed from the defendant's residence falls within the scope of the valid search warrant, but all evidence removed from defendant's vehicle will be suppressed because the search

---

[1] Only one of the three vehicles searched yielded any evidence.

of the vehicles exceeded the scope of that warrant. The Court will, therefore, grant in part and deny in part defendant's motion to suppress.

**Discussion**

Defendant first argues that the Affidavit of Probable Cause prepared by Trooper Timothy Gilbert of the Pennsylvania State Police failed to provide the magistrate judge with a basis to form a reasonable belief that contraband would be found in defendant's residence. Second, defendant contends that the search of defendant's vehicles went beyond the scope of the search warrant. Consequently, defendant has requested that all evidence collected from the residence and the vehicle be suppressed. We agree with the latter argument advanced by defendant and will grant his motion solely with respect to the evidence seized from the vehicle, but will deny his motion as to the evidence seized from the residence.

Under *Illinois v. Gates*, 462 U.S. 213 (1983), this Court, as a reviewing court, must determine whether the magistrate judge had a "substantial basis" for concluding probable cause existed to uphold the warrant. *Id.*, 462 U.S. at 238. The United States Court of Appeals for the Third Circuit has further clarified that the Court's role as determining whether "the affidavit provides a sufficient basis for the decision the magistrate judge actually made." *See, United States v. Jones*, 994 F.2d 1051, 1057 (3d Cir.1993). The Court of Appeals more recently held that to uphold a magistrate judge's probable cause determination, the Court must determine only that the judge had a substantial basis for his finding." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir.2000). Finally, in *United States v. Stearn*, 597 F.3d 540 (3d Cir. 2010) the Court of Appeals held:

> Although we do not merely "rubber stamp a magistrate's conclusions," *Whitner*, 219 F.3d at 296 (citation and quotation omitted), we must heed the Supreme Court's direction that "doubtful or marginal cases in this area should be largely determined

3

by the preference to be accorded to warrants." *Gates*, 462 U.S. at 237 n. 10, 103 S.Ct. 2317 (citation and quotation omitted).

With this standard in mind, we turn to *United States v. Burton*, 288 F.3d 91 (3d Cir. 2002), which holds that "direct evidence linking the residence to the criminal activity is not required to establish probable cause. . . . Instead, probable cause to search can be based on an accumulation of circumstantial evidence that together indicates a fair probability of the presence of contraband at the home of the arrested." *Id.* at 103. Although every affidavit ideally would contain direct evidence linking the crime with the place to be searched, a magistrate may issue a search warrant even without direct evidence. *Stearn*, 597 F.3d at 554. Probable cause can be, and often is, inferred from "the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide [evidence]." *Id*. A magistrate may issue a warrant relying primarily or in part upon the statements of a confidential informant, so long as the totality of the circumstances gives rise to probable cause. *Id*. at 555.

Under the facts presented here, the affidavit of Trooper Gilbert indicated that confidential informant ("CI") advised him of the name and address of a known drug dealer. The CI also provided information concerning the known drug dealer's supplier, in this case the defendant. Based on the information supplied by the CI, Trooper Gilbert conducted surveillance of the known drug dealer's residence and observed defendant delivering a box to the drug dealer's address. The next day, Trooper Gilbert and CI made a controlled purchase of heroin from the known drug dealer.

The affidavit further indicates that the CI also provided information about defendant's other choice locations to complete drug deals. Trooper Gilbert conducted surveillance at those locations and confirmed that defendant would drive to those locations and conduct exchanges from his vehicle.

4

This was the same vehicle that Trooper Gilbert had observed at the known drug dealer's residence. Trooper Gilbert confirmed that the vehicle he observed defendant driving was, in fact, registered to defendant and was able to obtain defendant's address through Pennsylvania Department of Transportation (PENNDOT) records. Trooper Gilbert confirmed that defendant resided at the address he had obtained through PENNDOT through inquiries made to a Special Agent with the United States Postal Inspectors.

In his affidavit, Trooper Gilbert testified that he has been in law enforcement since 1995 and from 1997 to 2001 worked as the Greene County's Chief Detective with the primary duty of investigating violations of Pennsylvania's Controlled Substance, Drug, Device ad Cosmetic Act. Trooper Gilbert also indicated that he has arrested over three hundred (300) individuals for violating the Act.

Given Trooper Gilbert's experience with drug trafficking, his personal observations which confirmed information provided to him by the CI, and the records indicating the residence of defendant which were confirmed with the Postal Inspector, the Court finds that the affidavit, based on the totality of the circumstances as described therein, gave rise to probable cause to issue the warrant. This Court, therefore, finds that the affidavit provided a substantial basis for the issuance of the search warrant for defendant's residence. For this reason, I shall deny defendant's motion to suppress evidence obtained from the residence.

However, the search warrant only granted permission to search defendant's residence and not his vehicles. Therefore, any evidence obtained from the vehicles – in this case, only one vehicle yielded evidence – shall be suppressed.

AND NOW, this 8th day of June, 2010, for the reasons set forth above, defendant's Motion to Suppress Evidence (Doc. No. 23) is HEREBY GRANTED IN PART AND DENIED IN PART.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties