# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRANCE CURTIS TRIPLETT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 11-949

(Criminal No. 10-30)

ELECTRONICALLY FILED

## MEMORANDUM AND ORDER OF COURT DENYING
## DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (DOC. NO. 64)

Petitioner previously filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 essentially seeking a reduction to his sentence.[1] See doc. nos. 58 and 59, filed on July 21, 2011. This Court filed an Opinion and Order denying this Motion on August 24, 2011.[2] See doc. no. 62. Petitioner has now filed a "Motion to Alter or Amend Judgment, Motion to Make Additional Findings" (doc. no. 64) essentially requesting that this Court revisit its Opinion and Order issued on August 24, 2011 (doc. no. 62).

A *pro se* pleading is held to less stringent standards than pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, a *pro se* habeas petition should be construed liberally. See *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir.1998). Because this Court must liberally construe documents filed by *pro se* litigants, this Court will consider Petitioner's most recent motion as if it were a properly styled Motion for Reconsideration and apply the applicable standard.

---

[1] This Court sentenced Petitioner to the lowest end of the guideline range applicable to him – 188 months.

[2] The Court essentially determined that Petitioner failed to make the requisite showing necessary to invalidate his waivers of appeal and collateral attack to which he agreed – both orally before the Court and in writing as evidenced by his plea agreement. As a result, his Section 2255 Petition was denied.

**I. Standard of Review**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for

2

reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

**II. Discussion**

Petitioner has failed to present any argument, fact, or evidence that would meet any one of the three criteria found in *Max's Seafood Café*. First, this Court is not aware of any intervening change in controlling law – either one that was pointed out by Petitioner or that this Court, of its own volition, was able to discern. Second, there is no new evidence, previously unavailable, which has become available to this Court that would cause this Court to reconsider its prior Opinion and Order as set forth in document number 62. Finally, this Court does not find that any clear error of law was made in its prior Opinion and Order nor does it find any evidence of manifest injustice in light of the law and authority relied upon by this Court in its prior Opinion and Order. See doc. no. 62.

It appears to this Court, after thoroughly reviewing Petitioner's pending Motion (doc. no. 63), that Petitioner is merely restating that which he previously stated in his Section 2255 submissions (doc. nos. 58 and 59) to this Court, with the ultimate goal of obtaining a reduction to his sentence. This Court will not restate the basis for its denial of Petitioner's Section 2255 Motion, given the very detailed, twenty-one page Opinion this Court previously prepared which addressed each of the issues raised by Petitioner in his Section 2255 Motion. See doc. no. 62.

Accordingly, because Petitioner cannot meet any of the required bases for reconsideration, this Court will deny the pending motion (doc. no. 64). An appropriate Order follows.

**ORDER**

AND NOW, this 16th day of September, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's "Motion to Alter or Amend Judgment, Motion to Make Additional Findings Pursuant to F.R.C.P. Rule 52(b), 59(e) and 60(b)" (filed at doc. no. 64) is hereby DENIED.

                                                s/ Arthur J. Schwab
                                                United States District Judge

cc:    All Registered ECF Counsel and Parties

       Terrence Curtis Triplett
       #30854-068
       FCI Gilmer
       201 FCI Lane
       Glenville, WV 26351